Johnson, J.
The facts show that at the time Mrs. Faul made the mortgages, one on the fourth tract and one on the three lots, and at the time she contracted the debts to plaintiffs, as well as when proceedings were instituted to subject her equity of redemption to the satisfaction of the plaintiffs’judgment, her homestead was on the fourth tract outside of the village of Batavia, and that after judgment and levy she abandoned the fourth tract, and adopted'as a homestead a dwelling-house on one of the three lots in Batavia, all of which were afterward sold as one tract. As all the tracts were covered by mortgages, precluding her from demanding a homestead by metes and bounds in either tract, and as only $10.89 was realized to her out of what was her actual homestead on the fourth tract, her claim is to the surplus money arising from the village property in preference to the judgment creditor.
This application is based upon Rev. Stats., section 5410, which is as follows: “When a homestead is charged with liens, some of which, as against the head of the family, or the wife, preclude the allowance of a homestead to either of them, and others of such liens do not preclude such allowance, and a sale of such homestead is had, then after the payment, out of the proceeds of such sale, of the liens so precluding such allowance, the balance, not exceeding five hundred dollars, shall be awarded to the head of the family, or the wife, as the case may be, in lieu of such homestead, upon his or her application, in person, or by agent or attorney.”
The district court determined this case under Rev. Stats., section 5441, which provides : “Any resident of this state who is the head of a family, and not the owner of a homestead, may hold exempt from levy and sale real or personal property, to be selected by such person, his agent, or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted.”
If Mrs. Paul, who was the head of a family, permanently abandoned her homestead on the fourth tract before sale of *68 the same, and fixed her home elsewhere, she was no longer entitled to demand under Rev. Stats., section 5440, a money allowance in lieu of a homestead out of the proceeds afterward arising from a sale thereof. After such abandonment her right to such allowance out of the pi-oceeds of that tract must arise, if at all, under the provisions of Rev. Stats., section 5441.
Her right to such surplus must be determined by the state of facts existing when the fund is finally disposed of by the court.
And this is equally true of the fund arising from the subsequent sale of the other tracts lying within the village of Batavia. Cooper v. Cooper, 24 Ohio St. 488; Jackson v. Reid, 32 Ohio St. 443.
Whether the court was right in giving her the $10.89 arising after satisfying the mortgage of the fourth tract, seeing that she had before such sale permanently abandoned the same, may well be doubted; but as there was no exception to or appeal from this order, and no error now assigned, we need not determine it. When the property in Batavia was sold she had ceased to be the owner of a homestead in the fourth tract. She had lost her right therein either by abandoment or by the sale. In either case, and by which is immaterial, she was not the owner of a homestead in the fourth tract.
If she had acquired a new homestead in the Batavia property subject to the mortgage thereon, she was entitled to the surplus under section 5440 of the Revised Statutes.
But if not, and the abandonment or sale of the fourth tract had divested her, as we hold it did, of a homestead therein, then she was not the owner of a homestead, and under section 5441 was entitled to this surplus.
Brimmer might have foreclosed the mortgage on the fourth tract, and divested her of a homestead therein, and afterward foreclosed the mortgage on the Batavia property. No one would doubt Mrs. Paul’s right under section 5441 to her allowance out of the surplus arising from the last sale, if the Batavia lots, after satisfying the mortgage *69 thereon, left a surplus. Practically and in legal effect, that is what was done in this case. Although done in one action there were two foreclosures and two sales, with separate judgments and confirmations upon each mortgage.
At the time when this fund was in court for distribution Mrs. Paul had ceased to be the owner of a homestead in the fourth tract, and was entitled to an allowance of her exemption out of the surplus proceeds arising from the sale of the Batavia property.
This surplus, together with the amount she received from the fourth tract, does not satisfy her demand.

The judgment of the district court is affirmed.